PER CURIAM.
The Florida Bar (the Bar) petitions this Court for entry of an order amending rule 4-6.1 of the Rules Regulating the Florida Bar. We have jurisdiction. Art. V, § 15, Fla. Const. We deny the petition.
The Bar seeks to amend rule 4-6.1 to eliminate the mandatory annual reporting provision that currently requires all members of the Bar to report whether and how they have satisfied their professional responsibility of providing pro bono legal services to the poor. The proposed amendment would make slight, but crucial, changes to wording in the reporting requirements in section 4-6.1(d). It would replace the “shalls” with “shoulds” and would eliminate the last sentence, which currently reads: “The failure to report this information shall constitute a disciplinary offense under these rules.” In short, the proposed amendment would substitute a voluntary annual reporting process for the current mandatory one.
Proponents of the amendment argue the following: The public interest is not served by the mandatory reporting requirement; *735 enforcement of the mandatory reporting requirement would infringe upon rights guaranteed by the state and federal constitutions; the current rule violates the separation of powers principle because it is a legislative undertaking; the current rule is an avoidance technique to prevent federal review of political activity; and finally, the Florida Supreme Court should not operate as a bully pulpit for public relations and encouraging charitable activity. We disagree with these assessments.
At the time this Court adopted the pro bono rules in 1993, we explained our authority and reason for so doing:
The authority and responsibility of this Court to adopt rules on the issue of pro bono legal services to the poor under our constitutional rule-making and administrative authority has been fully addressed in prior opinions. We need not readdress that issue here. We do reiterate, however, that this Court, as the administrative head of the judicial branch, has the responsibility to ensure that access to the courts is provided for all segments of our society. Given the number of reports presented to this Court that document the legal needs of the poor, we find it necessary to implement the attached rules. Justice is not truly justice if only the rich can afford counsel and gain access to the courts. Consequently, these rules are being implemented in the hopes that they will act as a motivating force for the provision of legal services to the poor by the members of this state’s legal profession.
Amendments to Rules Regulating The Florida Bar-l-S.l(a), 630 So.2d 501, 502 (Fla. 1993).
We explained the need for the mandatory reporting requirement:
[W]e do expect members of the Bar, through the simplified report form that will be made a part of the annual dues statement, to report how they have assisted in addressing the legal needs of the poor. We believe that accurate reporting is essential for evaluating this program and for determining what services are being provided under the program. This, in turn, will allow us to determine the areas in which the legal needs of the poor are or are not being met. Because we find that reporting is essential, failure to report will constitute an offense subject to discipline.
Id. at 502-03.
As the opponents of the amendment point out, there have been no fundamental changes in the circumstances surrounding this issue since the Court first determined that accurate reporting is essential for evaluating the delivery of legal services to the poor and for determining where such services are not being provided. There is no more effective way to gauge the success of lawyers in meeting their obligation to represent the poor— an obligation every member of the Bar swears to undertake.
Lawyers have been granted a special boon by the State of Florida — they in effect have a monopoly on the public justice system. In return, lawyers are ethically bound to help the State’s poor gain access to that system. The mandatory reporting requirement is essential to guaranteeing that lawyers do their part to provide equal justice.
Based on the foregoing, we deny the petition.
It is so ordered.
KOGAN, C.J., and SHAW and ANSTEAD, JJ., concur.
OVERTON, J., concurs with an opinion, in which HARDING and ANSTEAD, JJ., concur.
HARDING, J., concurs in part and dissents in part with an opinion.
WELLS, J., concurs in part and dissents in part with an opinion.
GRIMES, J., dissents with an opinion.